*In re* Petition of ALFRED W. QUIGG, for Writ of Habeas Corpus.

OCTOBER 26, 1912.

PRESENT: Johnson, Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Bail.   Who Authorized to Accept.   Habeas Corpus.*

A justice of any district court has authority under Gen. Laws, 1909, cap. 354, §14 and 15, to permit a recognizance to be given before him to release a person committed under process from the Superior Court to answer to an indictment pending in said court, provided the recognizance conforms to the terms of the process under which he was committed, and provided the sureties are accepted by said justice after a suitable examination as to their sufficiency.

This authority is not limited by Gen. Laws, 1909, cap. 305, § 30.

*(2),   Habeas Corpus.   Bail.*

A writ of habeas corpus ordering the keeper of the jail to produce the body of a respondent committed under process of the Superior Court to answer to an indictment pending in said court, before a justice of a district court

in order that said respondent might there give recognizance, with sureties which had previously been examined and accepted by said justice, will be denied, where it appears that no proper investigation had been made either before said justice or before the Supreme Court upon petition for said writ, as to the sufficiency of such sureties.

HABEAS CORPUS.   Relief denied.

PER CURIAM.   At the hearing before us it appeared by the testimony that the petitioner, Alfred W. Quigg, is the respondent in ten several indictments pending in the Superior Court for the counties of Providence and Bristol; that he has pleaded not guilty to each of said indictments; that he was required by said Superior Court to give recognizance with sufficient sureties in the sum of three thousand dollars upon each indictment, aggregating the sum of thirty thousand dollars, conditioned upon his appearance before said Superior Court; that for failure to give such recognizances he was committed to the Providence County Jail and is there held in the custody of the acting keeper of said jail.

It further appeared that on October 21st, 1912, the justice of the District Court of the Seventh Judicial District was present within said jail and then and there inquired into the qualifications of two persons, there present before him, to be accepted as sufficient sureties upon said recognizances and as a result of such examination said justice, in substance, stated to said acting keeper, there present, that he found said persons to be sufficient to be taken as sureties upon recognizances in the sum of thirty thousand dollars to be given by said Quigg for the purpose of releasing said Quigg from the custody of said acting keeper; and said justice requested said acting keeper to present said Quigg before said justice, that said Quigg might give said recognizances with said persons as sureties; that the said acting keeper refused to produce said Quigg before said justice as requested.

The petition alleges that by reason of this action of said acting keeper the present imprisonment and detention of said Quigg is unlawful.

The first question presented is as to the authority of a. justice of a District Court to permit a recognizance to be given before him to release from custody a respondent held. on process issuing from the Superior Court. Sections 14 and 15, Chapter 354, General Laws, 1909, are as follows:

"Sec. 14. Every person who is held on capias or other process issuing out of the superior court, any district court, or from any justice of any district court or justice of the peace, to answer to any complaint or indictment against him in or from either of said courts, justices, or justices of the peace, shall be released upon giving recognizance, with sufficient sureties, before a justice of the superior or of any district court, in the sum named in such capias or other process, if any have been named therein, and if not, then in such sum as the justice shall deem reasonable, to appear before the court wherein the complaint or indictment against him is pending or to which he may be bound over by any court, justice, or justice of the peace, to appear, to answer to said complaint or indictment and to answer the same whenever called upon so to do, and abide the final order of the court thereon, and in the meantime keep the peace and be of good behavior, and any justice of the superior or of any district court may take such recognizance in any place within the state, and said recognizance shall be returned to the court to which the accused has recognized to appear."

"Sec. 15. No person imprisoned in any jail upon any criminal process shall be bailed, except by a justice of the superior or any district court or by some person specially appointed for that purpose by a justice of the superior court."

Under General Laws, 1896, and under the statutes in force previous to that revision, the exercise of the authority given to the justices named in the sections above quoted was restricted to justices of the Supreme Court. Gen. Laws, 1896, Chapter 285, §§ 14 and 15. By Court and Practice Act, Sections 1182 and 1183, this authority was conferred upon.

justices of the Superior Court and of any district court. The respondent, the said acting keeper, contends that the scope and intent of the sections above quoted are controlled and limited by the provisions of Gen. Laws, 1909, Chapter 305, § 30. This section is as follows: "Whenever any person is committed to jail on any criminal accusation for want of bail, any justice of the supreme or superior court, or any person specially appointed by either of said courts, may admit him to bail in like manner as might have been done by the court or magistrate who committed him, and the said justices, respectively, shall have power to issue a writ of habeas corpus and to cause such prisoner to be brought before them, whenever it shall be necessary for the purpose expressed in this section." The language of this section does not in terms restrict or limit the power conferred in said Sections 14 and 15. Said Chapter 305, of which said Section 30 is a part, is the chapter entitled "Habeas Corpus." Said Section 30 extends to justices of the Supreme Court who are not named in said Sections 14 and 15, the power of admitting to bail a respondent in a criminal accusation who is committed to jail. There is nothing to indicate that the purpose and intent of said Section 30 is to control or limit the clearly expressed provisions and plain intent of said Sections 14 and 15. We are therefore of the opinion that a justice of any district court has authority to permit recognizances to be given before him to release said Quigg from his present restraint under the process of the Superior Court as above stated: *Provided*, said recognizances conform to the terms of the process under which he was committed, and provided the sureties upon said recognizances are accepted by said justice after a suitable examination as to their sufficiency.

This proceeding in habeas corpus and the order which the petitioner seeks herein, open before us a consideration of the nature of the examination made by said justice into the sufficiency of the proposed sureties upon said recognizances in the sum of thirty thousand dollars to be given by said

Quigg. In our opinion the examination made by said justice, as shown by the testimony, was entirely inadequate to determine the sufficiency of said proposed sureties. We cannot, therefore, grant to the petitioner the relief which he has requested at the hearing before us, viz., that said acting keeper be ordered to produce the body of said Quigg before said justice of the District Court of the Seventh Judicial District in order that said Quigg may there give recognizances with the persons above referred to as sureties. Such order would be a determination by this court that said proposed sureties were sufficient, as to which fact no proper investigation has been made, either before said justice or before this court.

The petitioner Quigg is remanded to the custody of said acting keeper to be held in jail upon his said several commitments.

In the circumstances of this matter as they were disclosed at the hearing before us and in view of the extreme irritation evidently felt and strongly expressed by said justice of said district court towards the representatives of the State in this matter we are obliged to say that in our opinion further proceedings for the purpose of giving said recognizances should be taken before the Superior Court or before some other justice.

*John W. Hogan, Philip S. Knauer, Joseph J. Cunningham,* for petitioner.

*Herbert A. Rice, Attorney General,* for respondent.